Judith A.W. Studer, WY Bar No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Ste. 500
Casper, WY 82601
(307) 235-6681 | (307) 235-5099 Fax
jstuder@schwartzbon.com

*Attorney for Defendants & Counterclaim Plaintiffs*
*Angela C. Woodward, Jerry D. Woodward, Kara Woodward*
*& Kyle Woodward*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MARKEL INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TRINITY TEEN SOLUTIONS, INC.; a ) | Case No. 1:24-cv-00181 |
| Wyoming Corporation; ANGELA C. ) | |
| WOODWARD; JERRY D. WOODWARD ) | |
| KARA WOODWARD; KYLE WOODWARD; ) | |
| and DALLY-UP, LLC, a Wyoming Limited ) | |
| Liability Company. ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND COUNTERCLAIM OF ANGELA C. WOODWARD, JERRY D. WOODWARD, KARA WOODWARD AND KYLE WOODWARD**

Comes now Defendants Angela C. Woodward, Jerry D. Woodward, Kara Woodward, and Kyle Woodward ("Defendants"), and hereby responds to the allegations of the Complaint as follows:

### INTRODUCTION

Page **1** of **16**

1.      From September 12, 2009 to September 12th 2020 Markel Insurance Company ("Markel") issued commercial liability package policies to Trinity. Under the terms of the various policies, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward and Dally-Up LLC, a Wyoming limited liability company, were separate insureds under the policies issued. In 2020, an action was filed alleging among other things negligence, negligent infliction of emotional distress, together with allegations of 'bodily injury', 'personal injury', 'property damage', and damages caused by an 'occurrence" that includes repeated exposure to the same or similar conditions. Markel chooses to ignore the allegations that create coverage and a duty to defend in its Complaint.

2.      Markel provided a defense to Trinity, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally-Up, LLC. Markel only issued reservation of rights letters to Trinity. Markel failed to issue reservation of rights letters to the individual defendants or the limited liability company.

3.      Four years after the underlying suit was filed and on the eve of trial, Markel now seeks to withdraw from the defense of all defendants in the underlying lawsuit and to recover defense costs. Markel is estopped to assert such rights as it has waived any defenses to the duty to defend and coverage, for the individual defendants and the limited liability company. Moreover, the policy clause purportedly authorizing recovery of defense costs is invalid and void.

## REMAINING ALLEGATIONS

4.      On information and belief Defendants admits the allegations of paragraph 4

5.      Defendants admit the allegations of paragraphs 6, 7, 8, and 9.

6.      In response to the allegations of paragraph 10, it is admitted Dally-Up LLC is a Wyoming limited liability company.

7. In response to the allegations of paragraph 11, Defendants admit that the Plaintiff and all Defendants are citizens of different states.

8. In response to the allegations of paragraph 12, Defendants object to the use of the term "Trinity defendants" as the allegations of the underlying complaint must be applied separately to each insured under the relevant policies. Without waiving the objection, the Complaint speaks for itself as to the propriety of venue.

9. In response to the allegations of paragraphs 13 and 14 the Complaint and Exhibit A speak for themselves.

10. In response to the allegations of paragraph 15, there has not been a final judgment entered as to the dismissal of the counts for negligence or negligent infliction of emotional distress. The counts were previously dismissed due to a motion filed by counsel hired by Markel. Defense counsel continues to defend the individuals and limited liability company without any reservation of rights.

11. In response to the allegations in paragraphs 16 through 21 Plaintiff is reminded that the duty to defend is determined by all allegations contained within the underlying complaint and not those cherry picked by Plaintiff's counsel. The repetition of immaterial and irrelevant allegations from the underlying complaint speaks for themselves and are not necessary to a resolution of the issues before this Court.

12. In response to the allegations of paragraphs 22 through 31 again Plaintiffs' counsel repeats allegations contained within the underlying complaint that are simply repetition of immaterial and scandalous allegations.

13. In response to the allegations of paragraph 32, Defendants admit that there are currently pending Counts 1, 2 and 3 of Exhibit A against Defendants and some of the other defendants.

14. In response to the allegations in paragraphs 32 through 35, Markel simply regurgitates some of the allegations contained within Exhibit A.

15. In response to the allegations contained in paragraph 36, Markel repeats the prayer for relief set forth in Exhibit A.

16. Defendants admit the allegations in paragraph 37, 38, 39, and 40.

17. On information and belief Defendants tender the underlying lawsuit to Markel and therefore admit the allegations in paragraph 41.

18. In response to the allegations in paragraph 42, Defendants admit that on January 21, 2021, Markel advised Trinity, and only Trinity, that it would defend Trinity, Angie Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally-Up LLC.  Markel only chose to reserve its rights with respect to Trinity.  A copy of the letter is attached as Exhibit B to the Complaint.

19. In response to the allegations in paragraph 43, Defendants admit that on January 27, 2022, almost a year after the Amended Complaint (Exhibit A) was filed, Markel advised Trinity, and only Trinity, that it would continue to defend Trinity, Angie Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally-Up, LLC.  Markel only chose to reserve its rights with respect to Trinity.  A copy of the letter is attached as exhibit C to the Complaint.

20. Defendants admit that almost four years after the underlying suit was filed, that on June 10, 2024, Markel advised Trinity, and only Trinity, that it would seek to recover defense fees

and costs from all defendants named herein. The letter is not attached as Exhibit D as stated in the allegations in paragraph 44.

21. Defendants admit the allegations in paragraph 45.

22. Defendants deny the allegation in paragraph 46.

23. In response to the allegations in paragraph 47, Defendants incorporate their prior responses as if fully set forth herein.

24. In response to paragraphs 48, 49, 50, and 51, Defendants state that the policies are contracts that speak for themselves.

25. In response to paragraphs 52, 53, 54, and 55, the underlying complaint speaks for itself. See Exhibit A.

26. In response to paragraphs 56 and 57, Defendants agree with Markel's admission, that some of the harm alleged in the underlying complaint constitutes 'bodily injury' or 'property damage' as stated in paragraphs 58 and 59.

27. In response to the allegations in paragraphs 58, 59, and 60, Defendants allege that the conclusions are not supported by the facts nor Markel's own allegations.

28. In response to the allegations contained in paragraph 61 and 62, the policies speak for themselves; and the Plaintiff's conclusions are not supported by the policies.

29. Defendants deny the allegations in paragraph 63.

30. In response to paragraph 64, Defendants incorporate their prior responses as if fully set forth herein.

31. In response to the allegations contained in paragraphs 65 and 66, the policies speak for themselves.

32. In response to the allegations in paragraph 67, 68, and 69, the underlying complaint speaks for itself.

33. Defendants deny the allegations in paragraph 70.

34. In response to the allegations in paragraph 71, the policies speak for themselves.

35. In response to the allegations in paragraph 72, the underlying complaint speaks for itself.

36. In response to the allegations in paragraph 73, the policies speak for themselves.

37. Defendants deny the allegations in paragraph 74.

38. In response to paragraph 75, Defendant incorporate their prior responses as if fully set forth herein.

39. Defendants deny the allegations in paragraph 76.

40. In response to the allegations in paragraphs 77 and 78, the underlying complaint speaks for itself.

41. Defendants deny the allegations in paragraph 79.

42. In response to the allegations in paragraph 80, Defendants incorporate their prior responses as if fully set forth herein.

43. In response to the allegations in paragraph 81 and 82, the policies speak for themselves.

44. Defendants deny the allegations in paragraph 83.

45. In response to the allegations in paragraphs 84 and 85, the policies speak for themselves.

46. In response to the allegations in paragraph 86, the underlying complaint speaks for itself.

47. Defendants deny the allegations in paragraph 87.

48. In response to the allegations in paragraph 88, Defendants incorporate their prior responses as if fully set forth herein.

49. In response to the allegations of paragraph 89, the policies speak for themselves.

50. In response to the allegations in paragraphs 90 and 91, the underlying complaint speaks for itself.

51. Defendants deny the allegations in paragraphs 92 and 93.

52. In response to the allegations in paragraph 94, Defendants incorporate their prior responses as if fully set forth herein.

53. In response to the allegations of paragraph 95, the policies speak for themselves.

54. In response to the allegations of paragraph 96, the underlying complaint speaks for itself.

55. Defendants deny the allegations in paragraphs 97 and 98.

56. In response to paragraph 99, Defendants incorporate its prior responses as if fully set forth herein.

57. In response to the allegations of paragraphs 100 and 101, the policies speak for themselves.

58. Defendants deny the allegations in paragraphs 102 and 103.

59. In response to the allegations in paragraphs 104 and 105, the policies speak for themselves.

60. In response to the allegations in paragraph 106, the underlying complaint speaks for itself.

61. In response to the allegations of paragraph 107, the policies speak for themselves.

62. In response to the allegations in paragraph 108 the underlying complaint speaks for itself.

63. Defendants deny the allegations in paragraph 109.

64. In response to the allegations in paragraph 110, the underlying complaint speaks for itself.

65. Defendants deny the allegations in paragraph 111.

66. In response to the allegations in paragraph 112, Defendants incorporate their prior responses as if fully set forth herein.

67. In response to paragraph 113, the policies speak for themselves.

68. Defendants deny the allegations in paragraphs 114, 115 and 116.

69. Unless specifically admitted herein each and every allegation of the Complaint is denied.

70. To the extent that the prayer for relief contains factual allegations for which a response is required, those allegations are denied unless responded to above.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff is estopped by its conduct to deny coverage or a defense.

3. Plaintiff has waived any policy defenses.

4. Plaintiff has failed to mitigate damages.

5. Plaintiff has ratified the acts of its agent by continuing to defend and provide coverage.

6. Plaintiff has unclean hands and should be denied relief.

7. Plaintiff has now engaged in bad faith claims handling.

8.Policy provisions regarding recovery of defense costs are ambiguous and must be construed in favor of these insureds.

9.In the alternative, Plaintiff failed to fulfill a condition precedent.

10.Defendants reserve their right to designate additional affirmative defenses as they may become known.

## COUNTERCLAIM

Comes now, Angela C. Woodward, Jerry D. Woodward, Kara Woodward, and Kyle Woodward, Defendants, and Counterclaim Plaintiffs herein, and in support of the Counter-claim state and allege as follows:

1.Counterclaim Plaintiffs are citizens of the State of Wyoming.

2.Markle Insurance Company is an Illinois corporation with its principal place of business in Virginia.

3.Jurisdiction is proper in this court pursuant to 28 USC Section 1332 (a) because Counterclaim Plaintiffs and Counterclaim Defendant are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4.Venue is proper in this district pursuant to 28 USC Sections 1391 (1) and (2).

5.Angela C. Woodward is the registered agent and executive officer of Trinity Teen Solutions Inc., a Wyoming corporation. In her capacity as an executive officer, she has communicated with Markel.

6.Trinity Teen Solutions, Inc. ("Trinity") purchased commercial liability package policies from Markel Insurance Company ("Markel") from September 12, 2009, to September 12, 2020. Thereafter, Markel refused to insure Trinity and would not renew the insurance policy.

7. In 2020, Carlie Sherman, Anna Gozen, and Amanda Nash filed an action captioned *Sherman et al v. Trinity Teen Solutions Inc et al* Case No. 20 CV 00215 in the United States District Court for the District of Wyoming ("the underlying lawsuit").

8. Trinity tendered the defense of the underlying complaint to Markel on behalf of itself as well as its executive officers and employees.

9. Markel undertook the defense of Trinity, Angela C. Woodward, Jerry D. Woodward, Kara Woodward, Kyle Woodward, and Dally-Up, LLC, a Wyoming limited liability company in the underlying lawsuit.

10. The underlying complaint and Frist Amended Complaint (attached as Exhibit A to the Complaint) asserted claims for negligence and negligent infliction of emotional distress. Plaintiffs in the underlying lawsuit did not identify with any specificity the acts of the various defendants that gave rise to the claims asserted (in much the same way, Markel lumps all defendants together in its Complaint and coverage analysis).

11. Markel issued a purported reservation of rights letter to Trinity as to the initial complaint in January 2021. Markel did not deny coverage but simply reserved its right to do so in the future.

12. Plaintiffs in the underlying lawsuit filed an Amended Complaint (Exhibit A to the Complaint filed herein). Markel continued to defend and did not issue a reservation of rights letter to Trinity or the other named defendants in the underlying lawsuit.

13. Defense counsel hired by Markel filed a Motion to Dismiss and a second Motion to Dismiss which included the clearly covered claims for negligence and negligent infliction of emotional distress.

14. The Court entered an "Order Granting in Part and Denying in Part Second Motion to Dismiss of Defendants Trinity, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally-Up" in the underlying lawsuit on November 30, 2021. The Court dismissed the RICO count as well as the claims for negligence and negligent infliction of emotional distress.

15. On January 27, 2022, Markel issued another purported reservation of rights letter to Trinity. Again, Markel did not deny coverage but reserved the right to do so in the future if warranted.

16. Thereafter, more than two years passed, and Markel claimed in a letter to Trinity that "based upon its investigation and the remaining claims asserted" it no longer had a duty to defend and that it would seek to recoup its defense costs. See letter dated June 10, 2024, to Trinity. The other named defendants in the underlying lawsuit have not received such notice. The letter does not detail the investigation that Markel undertook to reach its conclusion that there is no coverage for any of the defendants in the underlying lawsuit or any duty to defend.

17. Plaintiffs in the underlying lawsuit allege Defendants' actions were in reckless disregard of the fact that venture [Trinity] had engaged in providing or obtaining services in violation of 18 USC Section 1589 (b). Plaintiffs in the underlying lawsuit, seek damages for emotional distress, treatment for post-traumatic stress disorder, as well as emotional and physical pain and suffering under the remaining three claims they assert as part of a class action.

18. "[M]ental anguish or emotional distress provided such mental anguish or emotional distress results from any of these" is included within the definition of 'bodily injury' in the policies issued by Markel to Trinity.

19. Markel in its policies agreed to pay has damages any sum an insured becomes legally obligated to pay as damages that results in 'bodily injury',' property damage', 'personal

and advertising injury' or "any other injury because of abuse, molestation, exploitation arising from negligent employment, training, investigation, reporting to the proper authorities, or failure to report, or retention and supervision of a person for whom any insured is or ever was legally responsible".

20. As Trinity is a corporation the executive officers and directors are "insureds". The term 'insureds' also includes Trinity's employees for acts within the scope of their employment by Trinity or while performing duties related to the conduct of Trinity.

21. Angie Woodward and Jerry Woodward are executive officers and directors of Trinity. Kara Woodward and Kyle Woodward were employees of Trinity at all relevant times.

22. Each of the policies contains a 'Separation of Insureds' section that provides "this insurance applies: . . . b. Separately to each insured against whom claim is made or 'suit' is brought".

23. Pursuant to endorsement Markel agreed that if it initially defended an insured or paid for an insured's defense cost "but later determined that none of the claims, for which we provided a defense and costs are covered under this insurance, we have the right to reimbursement for the defense cost we have incurred."

24. Markle did not make a separate determination that there was not coverage for the claims for which it provided a defense, or paid defense costs for Counterclaim Plaintiffs. Markel did not provide each insured written notice as required.

## COUNT 1 - WAIVER

25. Counterclaim Plaintiffs incorporate the above allegations as if fully set forth.

26. Because of its acts, Markel has waived any coverage defenses and relinquished any rights afforded by the policies issued to Trinity.

27. The failure to inform the Counterclaim Plaintiffs of their rights and the position of Markel constitutes a voluntary and intentional abandonment of any rights it may have had.

28. Counterclaim Plaintiffs are entitled to relief based on waiver.

## COUNT 2- ESTOPPEL

29. Counterclaim Plaintiffs incorporate the above allegations as if fully set forth.

30. At no time did Markel advise Counterclaim Plaintiffs that it was denying coverage and the duty to defend.

31. At no time did Markel inform the Counterclaim Plaintiffs that it did not have to consent to the attorneys Markel hired to defend them in the underlying lawsuit.

32. Counterclaim Plaintiffs relied to their detriment on the misleading representations of its counsel and Markel.

33. As Markel assumed complete control of the defense, Counterclaim Plaintiffs did not hire separate counsel to represent them in the underlying lawsuit or attempt to settle the claims to avoid the cost and expense of the lawsuit.

34. Markel filed this present suit to recover attorney fees and costs expended to date and for the Court to declare there is no duty to defend and no coverage for the Counterclaim Plaintiffs. The policy provisions regarding recovery of defense costs are ambiguous or in the alternative not complied with by Markel. Moreover, the discovery cut off deadline has passed, and dispositive motions are due November 8, 2024. Trial is imminent as it is set for March 17, 2025. Counterclaim Plaintiffs cannot change counsel at this later date.

## COUNT 3 - PROMISORRY ESTOPPEL or in the alternative, NEGLIGENT MISREPRENTATION.

35. Counterclaim Plaintiffs incorporate the above allegations as if fully set forth.

36. As Markel did not issue a reservation of rights letter that clearly disclaimed coverage and continued to defend after the negligence counts were dismissed, Counterclaim Plaintiffs reasonably understood that they would be covered and provided a defense so as to allow a full trial on the merits in order to exonerate the individual defendants.

37. This understanding was reinforced by defense counsel hired by Markel to defend the Counterclaim Plaintiffs in the underlying lawsuit.

38. To allow an undescribed investigation to now allow Markel to deny a defense and coverage in view of the failure by Markel to exercise reasonable care, should not be allowed. The equities favor the Counterclaim Plaintiffs.

39. Counterclaim Plaintiffs are entitled to have Markel bear the cost to defend the underlying action.

## COUNT 4 - BAD FAITH CLAIMS HANDLING

40. Counterclaim Plaintiffs incorporate the above allegations as if fully set forth.

41. Each of the policies contains a 'Separation of Insureds' section that provides "this insurance applies: b. Separately to each insured against whom claim is made or 'suit' is brought".

42. Pursuant to an endorsement Markel agreed that if it initially defended an insured or paid for an insured's defense cost "but later determined that none of the claims, for which we provided a defense and costs are covered under this insurance, we have the right to reimbursement for the defense cost we have incurred."

43. The Court dismissed the claims for negligence and negligent infliction of emotional distress. However, there has not been a final judgment entered in the underlying lawsuit, so the decision is subject to a potential appeal.

44. After the dismissal of the negligence counts, Markel did not inform the Counterclaim Plaintiffs that the remaining claims, for which Markel provided a defense, were not covered under the relevant insurance policies.

45. This suit is the first notice to the separate insureds that Markel claims not to owe them a defense and that Markel will seek to recover defense costs from them based on a provision that is ambiguous or condition that has not been met.

46. Under Wyoming statute, Markel should have informed the insureds of their rights under the policies and advised each of the separate insureds if it was going to deny coverage.

47. The actions of Markel have caused Counterclaim Plaintiffs to spend money to protect their rights. Counterclaim Plaintiffs are entitled to recover their attorney fees together with interest.

48. The actions taken in disregard of well-established law in Wyoming amount to willful indifference to the rights of the Counterclaim Plaintiffs. As such an award of punitive damages may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs request entry of judgment in favor of Counterclaim Plaintiffs and against Counterclaim Defendant; that it award compensatory damages in defending this action and their costs together with punitive damages and such further damages and relief as allowed by law and the equities of the case.

## JURY DEMAND

Defendants respectfully demand that all claims in this case be triable to a jury, in accordance with the Federal Rules of Civil Procedure.

**DATED** this 23rd day of October 2024.

/s/ Judith A.W. Studer
Judith A.W. Studer, WY Bar No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Ste. 500
Casper, WY 82601
(307) 235-6681 | (307) 235-5099 Fax
jstuder@schwartzbon.com

*Attorney for Defendants and Counterclaim Plaintiffs Angela C. Woodward, Jerry D. Woodward, Kara Woodward & Kyle Woodward*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of October, a copy of the Forgoing *Answer* was served via the Court's CM/ECF electronic mail to the following:

Anna Reeves Olson
Long Reimer Winegar LLP
242 South Park Street
Casper, WY 82601
aolson@lrw-law.com
-and-
Leena Soni (*pro hac vice* forthcoming)
Madison G. Satterly (*pro hac vice* forthcoming)
Nicolaides Fink Thorpe Michaelides Sullivan LLP
10 South Wacker Drive, Ste. 3600
Chicago, IL 60606
lsoni@nicolaidesllp.com
msatterly@nicolaidesllp.com

*Attorneys for Plaintiff*
*Markel Insurance Company*

/s/ Judith A.W. Studer
Judith A.W. Studer
Schwartz, Bon, Walker & Studer, LLC