Anna Reeves Olson, 6-3692
LONG REIMER WINEGAR LLP
242 South Park Street
Casper, WY 82601
Telephone: (307) 265-3843
aolson@lrw-law.com

Jason R. Schulze (*pro hac vice*)
Gar N. Lauerman (*pro hac vice*)
HINSHAW & CULBERTSON LLP
151 N. Franklin St.
Suite 2500
Chicago, IL 60606
Telephone: (312) 704-3000
jschulze@hinshawlaw.com
glauerman@hinshawlaw.com
*Counsel for Markel Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MARKEL INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Case No. 24-cv-181 |
| | ) |
| TRINITY TEEN SOLUTIONS, INC., ANGELA C. | ) |
| WOODWARD, JERRY D. WOODWARD, KARA | ) |
| WOODWARD, KYLE WOODWARD, and | ) |
| DALLY-UP, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MARKEL INSURANCE COMPANY'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
## AMENDED COUNTERCLAIMS OF DALLY-UP, LLC, ANGELA C. WOODWARD,
## JERRY D. WOODWARD, KARA WOODWARD, AND KYLE WOODWARD

Plaintiff and counter-defendant Markel Insurance Company ("MIC"), by and through its

counsel, and for its Memorandum in Support of its Motion to Dismiss Amended Counterclaims of

defendants Dally-Up, LLC, Angela C. Woodward, Jerry D. Woodward, Kara Woodward, and Kyle

Woodward, states as follows:

# I. PRELIMINARY STATEMENT

MIC initiated this lawsuit seeking a declaratory judgment that it is not obligated to defend or indemnify defendants Trinity Teen Solutions, Inc. ("Trinity"), Dally-Up, LLC ("Dally-Up"), and Angela C. Woodward, Jerry D. Woodward, Kara Woodward, and Kyle Woodward (together, the "Woodwards") in connection with an underlying lawsuit. Dally-Up and the Woodwards (Dally-Up and the Woodwards together, "Defendants") filed counterclaims against MIC, asserting claims for waiver, estoppel, promissory estoppel (or, alternatively, negligent misrepresentation), and bad faith claims handling. (ECF No. 12; ECF No. 14). MIC timely moved to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and, although Defendants filed an opposition brief to that motion, Defendants also exercised their right under Rule 15(a)(1)(B) to file amended counterclaims. (ECF Nos. 24 and 25).

However, the Defendants make the same allegations, assert the same purported causes of action, and seek the same relief in the amended counterclaims. As a result, these amended pleadings (the "counterclaims") suffer from the same deficiencies as before and should be dismissed under Rule 12(b)(6) for failure to state claims upon which relief can be granted. The counterclaims fail as before due to the lack of factual allegations, as follows:

***Count 1 - Waiver***: Despite seeking a declaratory judgment for "waiver," Defendants fail to allege facts to maintain such a claim because they contain no allegations that MIC unequivocally manifested an intent to forego its rights to deny Defendants a defense and coverage. To the contrary, the documents upon which Defendants rely to support their counterclaims indicate that MIC issued multiple reservation of rights letters and acted consistently with the statements made in those letters.

***Counts 2 and 3 - Estoppel and Promissory Estoppel (or alternatively, Negligent Misrepresentation):*** Defendants' two estoppel claims should be dismissed because Defendants fail to allege any specific promise or misrepresentation made by MIC, elements the must be alleged in order to maintain claims for equitable estoppel and promissory estoppel (or alternatively, negligent misrepresentation). Again, as with the "waiver" claim, Defendants instead rely upon the three letters issued by MIC and sent to Angela Woodward, which expressly detail MIC's position as of the date of the letters and reserve all of the company's rights. These letters establish the *absence* of any promise or misrepresentation made by MIC.

***Count 4 – Bad Faith Claims Handling:*** Defendants fail to allege conduct to maintain a claim for bad faith claims handling. In order to maintain such a claim under Wyoming law, the party must allege that the insurer failed to investigate a claim, failed to review the investigation it did conduct, or otherwise engaged in oppressive or intimidating claims handling that amounts to "egregious" misconduct. Defendants rightfully make no such allegations here. As such, they fail to state a claim for bad faith.

Accordingly, Defendants' counterclaims should be dismissed with prejudice pursuant to Rule 12(b)(6).

## II.   PLEADED FACTS

Defendants allege that defendant Trinity purchased commercial liability policies with policy periods spanning from September 12, 2009 to September 12, 2020 from MIC (the "Policies"). (ECF No. 24, ¶ 1; ECF No. 25, ¶ 1). They allege that, in 2020, girls who had attended Trinity's facility filed an action captioned *Sherman et al. v. Trinity Teen Solutions, Inc.*, No. 20-CV-00215 against Trinity, Defendants, and others not party to this action (the "Underlying

Action"). (ECF No. 24, ¶ 9; ECF No. 25, ¶ 9).[1] Defendants allege that the plaintiffs in Underlying Action asserted claims for negligence, negligent infliction of emotional distress, violations of federal statutes prohibiting forced labor, and violations of the RICO Act. (ECF No. 24, ¶ 12; ECF No. 25, ¶ 12; ECF No. 1-2, p. 59-67).

Defendants allege that Trinity tendered the initial complaint in the Underlying Action to MIC for a defense on behalf of itself (Trinity) and Defendants (Dally-Up and the Woodwards). (ECF No. 24, ¶ 10; ECF No. 25, ¶ 10). Defendants allege the Woodwards are insureds under the Policies because they are directors, officers, and/or employees of Trinity and Dally-Up is an insured under the Policies because it leased to Trinity the land on which it operated. (ECF No. 24, ¶¶ 22-23; ECF No. 25, ¶ 22). Specifically, Defendants allege that defendants Angela and Jerry Woodward are executive officers and directors for Trinity, as well as members of Dally-Up, and that Kara and Kyle Woodward are employees of Trinity. (ECF No. 24, ¶ 23; ECF No. 14, p. 9, ¶ 5).

Defendants allege that MIC undertook the defense of Trinity, the Woodwards, and Dally-Up in the Underlying Action and hired defense counsel pursuant to a written reservation of rights dated January 21, 2021, including the right to deny coverage for Underlying Action under the Policies, sent to defendant Angela Woodward of Trinity. (ECF No. 24, ¶¶ 11, 13; ECF No. 25, ¶¶ 11, 13; *see* ECF No. 1-3).[2] This reservation of rights letter also contains a review of the claims,

---

[1]     The Woodwards and Dally-Up incorporate the first amended complaint in the Underlying Action into their allegations by reference to that pleading as attached as an exhibit to MIC's complaint for declaratory judgment. (*See* ECF No. 24, ¶ 14; ECF No. 14, ¶ 14; ECF No. 1-2).

[2]     Defendants' counterclaims cite and repeatedly refer to documents attached to MIC's declaratory judgment complaint, including the underlying complaint, this initial reservation of rights letter, MIC's supplemental reservation of rights letter, and MIC's coverage denial letter. (*See* ECF No. 24, ¶¶ 13-14, 17-18; ECF No. 25, ¶¶ 13-14, 17-18). In doing so, Defendants incorporate those materials into their counterclaims by reference, making them appropriate subjects for the Court's consideration on this motion to dismiss. *See Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024) (courts may consider "documents

facts, and procedural development in the Underlying Action; analyses of the applicability of several potentially relevant coverages and exclusions to the Underlying Action; and a separate section considering the availability of coverage under the Policies for Defendants. (*See* ECF No. 1-3).

Defendants allege that their defense counsel in the Underlying Action filed a motion to dismiss the amended complaint, which this Court granted in part, dismissing the RICO, negligence, and negligent infliction of emotion distress claims but not the federal forced labor claims on November 30, 2021. (ECF No. 24, ¶¶ 15-16; ECF No. 25, ¶¶ 15-16). Thereafter, Defendants allege that MIC issued another written reservation of rights letter after this decision on January 27, 2022 to defendant Angela Woodward of Trinity reserving its right to deny coverage and coverage defenses. (ECF No. 24, ¶ 17; ECF No. 25, ¶ 17; *see* ECF No. 1-4). Like MIC's initial reservation of rights, this reservation of rights also contains a review of the claims, facts, and procedural development in the Underlying Action; analyses of the applicability of several potentially relevant coverages and exclusions to the Underlying Action; and a separate section considering the availability of coverage under the Policies for Defendants. (*See* ECF No. 1-4).

Defendants allege that MIC issued a letter to defendant Angela Woodward of Trinity on June 10, 2024 that informed Trinity that MIC no longer had a duty to defend and indemnify Trinity and Defendants for the Underlying Action and that it would seek declaratory judgment that it was entitled to withdraw (not unilaterally withdraw) Defendants' defense and to recoup its defense costs. (ECF No. 24, ¶ 18; ECF No. 25, ¶ 18; ECF No. 15; ECF No. 15-1). The letter also contained

---

that a plaintiff (1) attaches to her complaint; (2) incorporates by reference in her complaint; or (3) refers to in her complaint and that are central to her complaint and indisputably authentic" on motion to dismiss). Defendants do not dispute the authenticity of the reservation of rights letters. (*See* ECF No. 12, Woodwards Answer, p. 4, ¶¶ 18-19; ECF No. 14, Dally-Up Answer, p. 4, ¶¶ 18-19).

an explanation of the analyses supporting MIC's position regarding coverage for Trinity and Defendants. (*See* ECF No. 15-1).

Each of MIC's letters were sent to defendant Angela Woodward, who is both an officer of Trinity and a member of Dally-Up. (*See* ECF No. 1-3; ECF No. 1-4; ECF No. 14, p. 9, ¶ 5; ECF No. 15-1; ECF No. 24, ¶ 23). The other Woodward defendants are either directors, officers, or employees of Trinity. (ECF No. 24, ¶ 23). Despite otherwise acknowledging Angela Woodward's role at Trinity, as a Woodward defendant, and as a member of Dally-Up, the Woodward defendants and Dally-Up nevertheless allege that they did not receive notice of the MIC's reservations of rights and subsequent denial of coverage as stated in the three MIC letters. (*But see* ECF No. 24, ¶¶ 13, 17; ECF No. 25, ¶¶ 13, 17). Instead, they allege that the first time they learned of MIC's reservation of rights and subsequent denial of coverage is when they were served with MIC's Complaint for Declaratory Judgment. (*See* ECF No. 24, ¶¶ 33, 57; ECF No. 25, ¶¶ 33, 57).

Because Defendants fail to allege facts sufficient to support claims for waiver, estoppel, promissory estoppel (or negligent misrepresentation, in the alternative), or bad faith claims handling, the counterclaims should be dismissed with prejudice.

## III.    LAW AND ARGUMENT

### A.    Standard for Failure to State a Claim under Fed.R.Civ.P. 12(b)(6).

Rule 12(b)(6) permits a party to move for dismissal of a claim or complaint that fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To overcome such a motion, "a complaint's factual allegations, assumed to be true, must 'raise a right to relief above the speculative level' and must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Garrett v. Wells Fargo Bank, N.A.*, No. 24-CV-7-SWS, 2024 U.S. Dist. LEXIS 45759, at *1-2 (D. Wyo. Feb. 7, 2024) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127

S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphases in original). "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Further, "[m]ere legal conclusions and factual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

Defendants fail to allege sufficient facts to support the claims asserted in the counterclaims. Accordingly, MIC moves for this Court to enter an order dismissing Defendants' counterclaims.

**B.    Defendants' Allegations that MIC Reserved Its Right to Deny a Defense and Coverage and Coverage Defenses Preclude a Judgment that MIC Waived Such Rights and Defenses.**

Wyoming courts define waiver as "the intentional relinquishment of a known right that must be manifested in some unequivocal manner." *Jensen v. Fremont Motors Cody, Inc.*, 58 P.3d 322, 327 (Wyo. 2002). In order to invoke waiver, the proponent must show that its opponent had "1) an existing right; 2) knowledge of that right; and 3) an intent to relinquish it." *Skaf v. Wyo. Cardiopulmonary Servs., P.C.*, 495 P.3d 887, 893 (Wyo. 2021) (quoting *Jensen*, 58 P.3d at 327) (internal quotation omitted). "While the intent to waive may be implied from conduct, the conduct should speak the intent clearly." *Verheydt v. Verheydt*, 295 P.3d 1245, 1251 (Wyo. 2013) (citing *Jensen*, 58, P.3d at 327)). The counterclaims fail to allege facts necessary to satisfy these requirements.

Specifically, the counterclaims lack allegations that MIC unequivocally and intentionally relinquished its right to deny Defendants a defense and coverage or to rely on any coverage defenses. (*See* ECF No. 24, ¶¶ 27-31; ECF No. 25, ¶¶ 27-31). Defendants instead merely allege that MIC "waived any coverage defenses and relinquished any rights" by undertaking Defendants' defense in the Underlying Action without informing Defendants of their rights. (ECF No. 24, ¶¶ 28-29; ECF No. 25, ¶¶ 28-29). This conduct, Defendants allege, constitutes "a voluntary and intentional abandonment of any rights [MIC] may have had." (*Id.*). Yet, these allegations are directly belied by Defendants' allegations that MIC issued at least two "reservation of rights" letters in which MIC "did not deny coverage but reserved the right to do so in the future" and the very letters that Defendants incorporate into their counterclaims. (ECF No. 24, ¶¶ 13, 17; ECF No. 25, ¶¶ 13, 17). In those letters, MIC reserved all rights to deny a defense and coverage based upon the policy terms, conditions, exclusions, and provisions which it now denies coverage. (*See* ECF Nos. 1-3, 1-4). *See Davis v. BAE Sys. Tech. Sols. & Servs.*, 764 F. App'x 741, 745 (10th Cir. 2019) (refusing to accept as true plaintiff's allegations regarding pretense for employment retaliation that were contradicted by employer's response to EEOC charge filed as attachment to complaint).

Accordingly, notwithstanding Defendants' amendment to their requested relief for the waiver claims, Defendants' counterclaims and the materials incorporated therein entirely preclude any potential for finding that MIC unequivocally and intentionally relinquished its right to deny a defense or coverage or any coverage defenses. Count 1 of the counterclaims should be dismissed with prejudice.

C.     **Defendants' Fail to Sufficiently Plead Fundamental Elements Necessary to Maintain Claims for Equitable Estoppel, Promissory Estoppel, and <u>Negligent Misrepresentation.</u>**

Defendants also fail to allege facts sufficient to maintain the estoppel claims found in Counts 2 and 3 of their counterclaims. Under Wyoming law, a claimant asserting a promissory estoppel claim "must show '(1) the existence of a clear and definite promise which the promisor should reasonably expect to induce action by the promisee; (2) proof that the promisee acted to its detriment in reasonable reliance on the promise; and (3) a finding that injustice can be avoided only if the court enforces the promise.'" *City of Powell v. Busboom,* 44 P.3d 63, 65 (Wyo. 2002) (quoting *Roussalis v. Wyoming Medical Center, Inc.*, 4 P.3d 209, 253 (Wyo. 2000)). Defendants alternatively allege in Count 3 negligent misrepresentation claims, which require evidence that "(1) defendant gave plaintiff false information in a transaction in which defendant had a pecuniary interest; (2) defendant gave the false information to plaintiff for the guidance of plaintiff in plaintiff's business transactions; (3) defendant failed to use reasonable care in obtaining or communicating the information; (4) plaintiff justifiably relied on the false information supplied by defendant; and (5) as a result of plaintiff's reliance, plaintiff suffered economic damages." *Wyo. Sugar Growers, LCC v. Spreckels Sugar Co., Inc.*, 925 F. Supp. 2d 1225, 1228 n.2 (D. Wyo. 2012) (citing *Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640, 656 (Wyo. 2003)).

In support of the promissory estoppel/negligent misrepresentation claims in Count 3 of the counterclaims, Defendants allege that MIC did not issue a reservation of rights that clearly disclaimed coverage and continued to defend after the negligence claims were dismissed in the Underlying Action. (ECF No. 24, ¶¶ 44-45; ECF No. 25, ¶¶ 44-45). According to Defendants, this caused them to reasonably understand that the Underlying Action was covered and that they would receive a defense through trial. (*Id*.). This understanding was allegedly "reinforced by defense counsel hired by Markel to defend [Defendants] in the underlying lawsuit," though Defendants

provide no specific allegations indicating how MIC or hired defense counsel reinforced this view (*Id*.).

To start, these claims fail because Defendants' counterclaims lack any (i) allegations of a clear and definite promise by MIC to Defendants that MIC would defend Defendants through trial, which is necessary to maintain a promissory estoppel claim, or (ii) allegations that MIC supplied Defendants with false information, no less any allegation identifying any purportedly false information, to support Defendants' alternative negligent misrepresentation claim.[3]

Additionally, as with their waiver claims, Defendants allege facts and incorporate MIC's reservation letters establishing that MIC did the exact opposite of what is alleged in Count 3: MIC expressly advised Trinity and defendant Angela Woodward of the various grounds upon which MIC may in the future deny Defendants a defense and coverage. Not only do these allegations and MIC's reservation of rights letters underscore the absence of any promise or provision of false information from MIC in Defendants' counterclaims, they preclude the possibility of Defendants establishing that Defendants "reasonably understood" or justifiably relied on receiving a defense through trial in the Underlying Action – also elements required to maintain promissory estoppel, negligent misrepresentation, and equitable estoppel claims under Wyoming law.

MIC's reservations of rights similarly defeat Defendants' equitable estoppel claims in Count 2 of the counterclaims.[4] Under Wyoming law, equitable estoppel "is a tort doctrine that

---

[3]    MIC notes that Defendants' counterclaims contain a conclusory allegation that "Markel provided false information as to the continuation of a defense for [Defendants] that [Defendants] relied upon." (ECF No. 24, ¶ 50; ECF No. 25, ¶ 50). The counterclaims contain no specific facts to support this blanket allegation, as Defendants fail to identify any such "false information" provided by MIC to Defendants. *See Johnson v. Fisher*, 497 F. App'x 822, 824 (10th Cir. 2012) ("Mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice" to survive a motion for summary judgment.)

[4]    Count 2 of the counterclaims seeks relief based on "estoppel." Based on the allegations and relief sought, MIC understands that count as attempting to allege a claim for equitable estoppel.

gives rise to relief 'when a party, by acts, conduct, or acquiescence causes another to change his position.'" *Black Card, LLC v. Visa U.S.A., Inc.*, 766 F. App'x 583, 594 (10th Cir. 2019) (quoting *Birt*, 75 P.3d at 653 and *Roth v. First Sec. Bank*, 684 P.2d 93, 96 (Wyo. 1984)). The elements of equitable estoppel are "a lack of knowledge, reliance in good faith, and action or inaction that results in an injury." *Birt*, 75 P.3d at 653. "Equitable estoppel is similar to promissory estoppel, but equitable estoppel is a tort doctrine that requires proof of misrepresentation." *Id.*

Defendants' allegations in support of their equitable estoppel claims largely mirror those supporting Defendants' promissory estoppel and negligent misrepresentation claims. They again allege that Defendants continued to provide a defense after the Court dismissed the underlying negligence claims and Defendants make unspecified allegations that MIC and defense counsel made "misleading representations" "that there was coverage and that they would be defended in the underlying lawsuit." (ECF No. 24, ¶¶ 35-36; ECF No. 25, ¶¶ 35-36). Defendants' counterclaims contain no specific allegations that MIC made any misrepresentations to Defendants. Their conclusory allegations that they were "mislead" regarding coverage, like Defendants' other claims, cannot withstand Defendants' particularized allegations that MIC issued multiple reservations of rights that warned of specific grounds upon which MIC may ultimately deny a defense and coverage.

Defendants' equitable estoppel claim adds that MIC failed to advise Defendants that they could hire their own defense counsel instead of counsel hired by MIC and that MIC failed to notify Defendants of its decision to deny coverage. (ECF No. 24, ¶¶ 33-34; ECF No. 25, ¶¶ 33-34). First, MIC's alleged failure to notify Defendants of a decision it allegedly repeatedly and expressly warned may be issued does not constitute a misrepresentation. What's more, these alleged "failure[s]" to advise and notify Defendants cannot constitute misrepresentations because

"[e]quitable estoppel arises only when a party, *by acts, conduct, or acquiescence* causes another to change his position." *Universal Drilling Co., Ltd. Liab. Co. v. R & R Rig Serv., Ltd. Liab. Co.*, 271 P.3d 987, 1000 (Wyo. 2012) (quoting *Roth*, 684 P.2d at 96) (internal quotations omitted) (emphasis added). In other words, allegations that MIC failed to make an affirmative representation cannot satisfy the requisite misrepresentation element for an equitable estoppel claim.

Accordingly, Counts 2 and 3 of the counterclaims for estoppel and promissory estoppel or, in the alternative, negligent misrepresentation should be dismissed with prejudice.

### D.   Defendants' Claim for Bad Faith Claims Handling Contains No Allegations to Sustain Such a Claim Under Wyoming Law.

Finally, Count 4 of the counterclaims must be dismissed as Defendants fail to allege any facts to support a claim for bad faith claims handling. Under Wyoming law, liability for bad faith claims handling or procedural bad faith arises only when an insurer conducts *no* form of investigation, conducts an investigation but does not consider the results of that investigation, or otherwise engages in oppressive or intimidating claims practices. *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 859 (10th Cir. 2015) (citing *Hatch v. State Farm Fire & Cas. Co.*, 842 P.2d 1089, 1093 (Wyo. 1992)); *Marathon Ashland Pipe Line LLC v. Md. Cas. Co.*, 243 F.3d 1232, 1246 (10th Cir. 2001) (also citing *Hatch*, 842 P.2d at 1099)); *Herrig v. Herrig*, 844 P.2d 487, 490 (Wyo. 1992). Defendants simply do not allege that MIC engaged in any such conduct and, as such, Count 4 should be dismissed.[5]

---

[5]    Wyoming recognizes both substantive and procedural bad faith. Procedural bad faith focuses on insurer conduct in the claims handling process and is often referred to as bad faith claims handling. *Sonnett v. First Am. Title Ins. Co.*, 309 P.3d 799, 806-07 (Wyo. 2013). Given the title of Count 4 and the substance of the allegations, MIC understands Count 4 to assert a procedural bad faith claim. To the extent that Defendants contend that Count 4 is intended to also (or instead) assert a claim of substantive bad faith, MIC reserves the right to address any such claim in its reply brief. In any event, MIC's position is that Defendants have failed to allege facts sufficient to sustain any claim of bad faith, as no such facts exist.

12

Rather than alleging facts to support a claim for bad faith claims handling, Defendants instead allege MIC engaged in ordinary negligence in the manner in which MIC handled Defendants' claims, contrasting MIC's alleged claims handling with what "[a] reasonable insurer would" do. (ECF No. 24, ¶ 58; ECF No. 25, ¶ 58). After setting out how such a "reasonable insurer" would have handled Defendants' claim, *e.g.*, "timely notify the insured of any changes in the insurer's coverage position based on the investigation," Defendants allege that MIC "*has acted unreasonably* and subjected itself to statutory remedies." (*Id.*) (emphasis added). However, the Wyoming Supreme Court and the United States Court of Appeals for the Tenth Circuit both repeatedly held that the standard for bad faith claims handling in Wyoming is not whether the insurer acted reasonably or unreasonably. Rather, as the Tenth Circuit explained in *Skaj* (applying Wyoming Supreme Court precedent):

> In applying this failure-to-investigate rubric, the Wyoming Supreme Court has required a "compelling" factual showing and has declined to find even a "cursory examination of the case" or a "delay . . . showing [the insurer] drug its heels" sufficient to establish procedural bad faith. [ ] Stated otherwise, unless it is evident that the insurer performed *no* form of satisfactory investigation, a procedural bad-faith claim will not be viable.

786 F.3d at 859. An insured may only maintain a procedural bad faith claim under Wyoming law where it alleges that the insurer conducted no form of satisfactory investigation into the claims presented to it. *See Sonnett*, 309 P.3d at 807 (rejecting insured's procedural bad faith claim where insured fail to point to any evidence that suggested insurer did not at least conduct passable investigation). Defendants make no such allegations here.

Instead, as they must, Defendants acknowledge that MIC responded to Trinity's tender of the Underlying Action by retaining counsel to represent Trinity and Defendants and issuing a reservation of rights letter that detailed its analysis of the Underlying Action and the Policies that supported MIC's decision to defend Defendants and reserved its rights to later deny defense and

coverage.[6] (ECF No. 24, ¶¶ 10-11, 13; ECF No. 25, ¶¶ 10-11, 13; *see* ECF No. 1-3). Defendants'
allegations further acknowledge that MIC subsequently issued a supplemental reservation of rights
letter and later a coverage denial letter, each detailing the analyses and reasoning for MIC's
position regarding defense and coverage. (ECF No. 24, ¶¶ 17-18; ECF No. 25, ¶¶ 17-18; *see* ECF
Nos. 1-4, 15-1). Accordingly, the counterclaims do not allege that MIC failed to conduct even a
"cursory examination of the case," as is required under Wyoming law.

Further, as demonstrated by Defendants' focus on insurer conduct they allege to be
"reasonable" or "unreasonable," the counterclaims do not contain allegations that MIC engaged in
oppressive or intimidating claims practices, let alone any practices that reach an "egregious level
of misconduct" necessary for bad faith. *Skaj*, 786 F.3d at 859 (rejecting procedural bad faith claim
where insurer failed to issue any reservation of rights, but investigated claim and initially provided
defense); *see*, *e.g.*, *Hatch*, 842 P.2d at 1098-99 (finding bad faith claims handling where insurer
ousted insured from home to conduct unsupervised searches, gave insured unrealistic deadline to
file inventory list, repeatedly interviewed insured including one interview that extended over five
hours, demanded mental health records for one of insureds' children, contacted insureds' creditors,
and hid exculpatory information from prosecutor in related arson case); *Ahrenholtz v. Time Ins.
Co.*, 968 P.2d 946, 951 (Wyo. 1998) (affirming summary judgment rejecting insured's procedural
bad faith claim where no evidence insurer "deliberately misrepresented policy provisions []; made
oppressive demands or imposed burdensome requirements not contained in the policy; retaliated
against the insureds []; unfairly imposed premium increases; forced Plaintiffs to arbitrate or

---

[6]       The contents of the very documents upon which Defendants' allegations are based – MIC's two
reservation of rights letters and its June 10, 2024 coverage denial letter – provide context for Defendants'
allegations. The letters were addressed to Angela Woodward, one of the named defendants here (and in the
Underlying Action) and a member of defendant Dally-Up. The letters provided Defendants notification of
MIC's positions as set forth in those documents. (*See* ECF Nos. 1-3, 1-4, 15-1).

litigate, knowing that it had no substantial grounds to reject the claim; required Plaintiffs to continue premium payments while it reviewed their claim").

To the contrary, Defendants allege that MIC provided Defendants a defense in the Underlying Action and issued multiple reservations of rights letters expressly warning Defendants that MIC may later deny coverage for the Underlying Action. (ECF No. 24, ¶¶ 11, 13, 17-18; ECF No. 25, ¶¶ 11, 13, 17-18). MIC's purported actions – as alleged by Defendants in the counterclaims – are consistent with standard claims handling practices and, more importantly for Rule 12(b)(6), do not satisfy the heightened "egregious conduct" standard for bad faith claim handling under Wyoming law. Accordingly, Count 4 of the counterclaims for bad faith should be dismissed with prejudice.

## IV.     CONCLUSION

For the aforementioned reasons, Markel Insurance Company moves for this Court to grant its motion to dismiss Defendants' amended counterclaims with prejudice and provide whatever further relief the Court deems just and appropriate under the circumstances.

Dated: December 17, 2024                          Respectfully submitted,


                                                 /s/ *Jason R. Schulze*
                                                 Jason R. Schulze

Anna Reeves Olson, 6-3692
LONG REIMER WINEGAR LLP
242 South Park Street
Casper, WY 82601
Telephone: (307) 265-3843
aolson@lrw-law.com

-and-

Jason R. Schulze (*pro hac vice*)
Gar N. Lauerman (*pro hac vice*)

HINSHAW & CULBERTSON LLP
151 N. Franklin St.
Suite 2500
Chicago, IL 60606
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
jschulze@hinshawlaw.com
glauerman@hinshawlaw.com

*Counsel for Markel Insurance*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2024, I electronically filed **Markel Insurance Company's Memorandum in Support of Motion to Dismiss Amended Counterclaims** with the clerk of the court using the CM/ECF system which will send a notice of the electronic filing to all counsel of record.

/s/ *Gar N. Lauerman*